# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROGER RANDOLPH, | Case No.: 3:17-cv-00506-MMD-WGC |
| Plaintiff | **Order** |
| v. | Re: ECF No. 15 |
| LCC CHAPLAIN CARRASCO, et. al., | |
| Defendants | |

Before the court is Plaintiff's motion for appointment of counsel. (ECF No. 15.) Defendants filed a response. (ECF Nos. 17, 17-1 to 17-3, 18 (notice of in camera submission of Exhibits B and D to their opposition).)

## **I. BACKGROUND**

Plaintiff is an inmate incarcerated within the Nevada Department of Corrections (NDOC). The events giving rise to this action occurred while he was housed at Lovelock Correctional Center (LCC). On screening, the court allowed Plaintiff to proceed with the following claims in his civil rights complaint under 42 U.S.C.§ 1983: an equal protection claim based on religion in Count I against Dalton, Carrasco, Chandler, Baker and East; a First Amendment free exercise of religion claim in Count II against Dalton, Carrasco, Chandler and Baker; an equal protection claim based on race in Count III against Baker, Chandler, Dalton and Carrasco; and, State law intentional infliction of emotional distress and negligence claims in Count IV against Baker, Carrasco, Chandler and Dalton.

The equal protection claim in Count I is based on allegations that Plaintiff is an African American, Jewish inmate and was invited by Chaplain Carrasco, along with several other Jewish

inmates, to attend a meting with visiting Jewish rabbis. Plaintiff went to the visiting room for the meeting, but Correctional Officer Dalton denied him entrance, lying that Plaintiff was not invited, while other Jewish inmates were allowed to attend. Chandler also refused Plaintiff entry. East responded to Plaintiff's informal grievance on the issue, confirming Dalton had lied. Baker also denied his grievance, stating it was Plaintiff's responsibility to make sure the chaplain included his name on the list of invitees.

The free exercise claim in Count II is based on the same allegations and the averment that his ability to practice his religion was intentionally denied by these defendants. Plaintiff made the same First Amendment free exercise averments in Count III, and the court consolidated this with Count II.

In Count III, Plaintiff alleges that he is African American and was treated differently from other inmates because of his race, and that the defendants do not like the idea of Jewish African American.

In Count III, Plaintiff alleges that defendants' conduct constitutes both negligence and intentional infliction of emotional distress.

In this motion, Plaintiff argues that he should be appointed counsel because: he cannot afford counsel; the substantive issues and procedural requirements are difficult; he is incarcerated and cannot investigate, take depositions or otherwise proceed with discovery; he is limited in his access to legal materials; the merits "are of constitutional dimension"; he cannot undertake this case as an attorney would; and, he does not have legal knowledge.

In their response, Defendants argue that Plaintiff does not demonstrate the exceptional circumstances so as to warrant the appointment of counsel. They contend Plaintiff has been able to articulate his claims and his case is unlikely to succeed on the merits.

## **II. DISCUSSION**

"[A] person [generally] has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). 28 U.S.C. § 1915(e)(1), however, does allow the court to "request an attorney to represent any person unable to afford counsel." That being said, the appointment of counsel in a civil case is within the court's discretion and is only allowed in "exceptional cases." *See Palmer*, 560 F.3d at 970 (citations omitted); *see also Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015). In "determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Cano v. Taylor,* 739 F.3d 1213, 1218 (9th Cir. 2015). "Neither of these considerations is dispositive and instead must be viewed together." *Id*. (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)).

The court finds that Plaintiff has not demonstrated exceptional circumstances to warrant the appointment of counsel. First, Plaintiff has not addressed whether he is likely to succeed on the merits of his claims. Second, Plaintiff has been able to articulate his claims adequately in this litigation so far. Third, the legal issues involved in this case are not particularly complex. Finally, while Plaintiff highlights his lack of legal training and what is, in his view, an inadequate legal research system at LCC, these are hurdles faced by all pro se inmate litigants.

For these reasons, Plaintiff's motion for appointment of counsel is denied, and the court need not consider Defendants' in camera submission in support of their argument that Plaintiff is not likely to succeed on the merits.

### III. CONCLUSION

Plaintiff's motion for appointment of counsel (ECF No. 15) is **DENIED**.

**IT IS SO ORDERED**.

Dated: December 6, 2018

_____
William G. Cobb
United States Magistrate Judge