UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ROGER RANDOLPH,

        Plaintiff,

v.

RENE BAKER, *et al.*,

        Defendants.

Case No. 3:17-cv-00506-MMD-WGC

ORDER

**I.    SUMMARY**

*Pro se* Plaintiff Roger Randolph is an African American and Jewish inmate who alleges that prison officials excluded him from a Jewish religious event while other Jewish inmates attended. Before the Court is a Report and Recommendation of United States Magistrate Judge William G. Cobb ("R&R") (ECF No. 45) recommending that this Court grant Defendants' Motion for Summary Judgment ("Motion") (ECF No. 34) as to all claims and all Defendants, except as to the equal protection claim in Count I against Defendants Chandler and Dalton (ECF No. 45 at 19). Defendants filed an objection to the R&R ("Objection") (ECF No. 49).[1] As discussed further below, the Court agrees with Judge Cobb's reasoning, and adopts the R&R in full.

**II.    BACKGROUND**

The Court adopts the facts in the R&R (ECF No. 45 at 1-3, 5-6) and does not recite them here.

///

///

///

---

[1] The Court has also reviewed Plaintiff's response to Defendants' Objection. (ECF No. 52.)

## III. LEGAL STANDARD

### A. Review of the Magistrate Judge's Recommendations

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

### B. Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the

nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288–89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**IV.    DISCUSSION**

In light of Defendants' Objection to the R&R, this Court has engaged in a *de novo* review to determine whether to adopt the R&R.[2] Upon reviewing the R&R and records in

---

[2]Plaintiff argues that Defendants' Objection is untimely. (ECF No. 49 at 1.) The R&R, which was issued on October 18, 2019, provided Defendants with 14 days to file any objection. (ECF No. 45 at 19.) *See* LR IB 3-2(a). Defendants filed a motion to extend *(fn. cont…)*

this case, this Court finds good cause to adopt Judge Cobb's R&R in full and overrules Defendants' Objection.

Judge Cobb found that there is a genuine dispute of material fact regarding whether Defendants had a rational basis for excluding Plaintiff from the religious event. (ECF No. 45 at 8-10.) Defendants rely on safety and security reasons, namely the fact that Plaintiff's name was not on the list of authorized attendees. (*Id.* at 8.) Meanwhile, Plaintiff presented evidence that Defendants' excuse was a pretext—Defendants falsely told Plaintiff they contacted Chaplain Carrasco and confirmed Plaintiff had not been invited when in fact Carrasco was never contacted and did invite Plaintiff. (*Id.* at 9-10 (relying on Plaintiff's verified Complaint and Carrasco's affidavit).)

Defendants raise two primary arguments in their Objection. First, they reassert that safety and security concerns were a rational basis for excluding Plaintiff from the event, arguing that any evidence that Defendants lied to Plaintiff is immaterial given that Defendants properly excluded Plaintiff because he was not on the list. (ECF No. 49 at 5-6.) Second, they challenge Judge Cobb's finding as to qualified immunity. The Court agrees with Judge Cobb.

The Equal Protection Clause of the Fourteenth Amendment is essentially a direction that all similarly situated persons be treated equally under the law. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). In order to claim a violation of equal protection in a "class-of-one" case where a plaintiff does not belong to a protected class, the plaintiff must establish that a defendant: "(1) intentionally (2) treated [Plaintiff] differently than other[s] similarly situated, (3) without a rational basis." *Gerhart v.*

---

time to object to the R&R on November 8, 2019—well beyond the deadline to file objections. (ECF No. 48.) However, the Court finds that Defendants demonstrated excusable neglect. *See* Federal Rule of Civil Procedure 6(b)(1). As Defendants argue, the departure of the former Deputy Attorney General ("DAG") and the reassignment of this case to another DAG, after the date of the R&R, warrants granting Defendants a short extension. (*Id.* at 2-3.) *See also Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (noting that public policy favors disposition of cases on their merits especially in civil rights cases) (citation omitted). As such, the Court will grant Defendants' motion to extend time (ECF No. 48).

*Lake Cty., Mont.*, 637 F.3d 1013, 1022 (9th Cir. 2011) (citation omitted). The plaintiff may show that the defendant's asserted rational basis was merely a pretext for differential treatment where there is "a triable issue of fact that either: (1) the proffered rational basis was objectively false; or (2) the defendant actually acted based on an improper motive." *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 946 (9th Cir. 2004) (citations omitted), *overruled on other grounds by Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528 (2005). "[A]cts that are malicious, irrational, or plainly arbitrary do not have a rational basis." *Id.* at 944.

Plaintiff's equal protection claim hinges on evidence that Defendants falsely told Plaintiff that they contacted Chaplain Carrasco and confirmed Plaintiff had not been invited. (ECF No. 45 at 9-10.) While Defendants proffered security reasons as a rational basis for their disparate treatment of Plaintiff, a rational jury could reasonably find that Plaintiff's evidence—viewed in the light most favorable to Plaintiff as the non-moving party—shows that Defendants' proffered reason was objectively false because they did not contact Carrasco, who intended to invite Plaintiff. *See Nevada Rest. Servs., Inc. v. City of Las Vegas*, No. 2:15-cv-2240-GMN-GWF, 2019 WL 3069002, at *2 (D. Nev. Feb. 8, 2019) (holding that defendants' proffered excuse can be deemed a pretext where, *inter alia*, defendants' statements indicated a "dislike of [p]laintiff's business").

Defendants further challenge the R&R's finding that material issue of fact precludes summary judgment on their claim of qualified immunity. (ECF No. 49 at 6-9.) Qualified immunity requires the Court to decide (1) whether there is a constitutional violation, which is a question of fact, and (2) whether that right was clearly established at the time of the challenged conduct, which is a question of law. *See Tortu v. Las Vegas Metro. Police Dep't*, 556 F.3d 1075, 1085 (9th Cir. 2009) (citing to *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). Defendants insist that there is no clearly established right to be admitted to an event without proper authorization (ECF No. 49 at 7-8), but that oversimplifies the issue. *See Deorle v. Rutherford*, 272 F.3d 1272, 1285-86 (9th Cir. 2001) (clarifying that qualified immunity does not require that a prior case prohibit the exact misconduct at issue in the case); *Hope v. Pelzer*, 536 U.S. 730, 741 (2002) ("[O]fficials can be on notice that their

conduct violates established law even in novel factual circumstances."). At the time that Defendants excluded Plaintiff while other Jewish inmates were admitted to the religious event, it was clearly established law that individuals have a right to not be intentionally and arbitrarily treated differently from other similarly situated persons.[3] (*See* ECF No. 53 at 9.) *See Gerhart*, 637 F.3d at 1025; *Neff v. McDaniel,* No. 3-09-cv-271-HDM-VPC, 2010 WL 1930155, at *2 (D. Nev. Feb. 22, 2010) (holding that inmate stated an equal protection claim where he alleged "he was treated differently from similar situated inmates with similar disciplinary histories by being retained in the [lockdown unit] for a much longer period of time than they were").

For the foregoing reasons, the Court therefore overrules Defendants' Objection and adopts the R&R in full.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered, adjudged and decreed that Judge Cobb's R&R (ECF No. 45) is accepted and adopted in full.

It is further ordered that Defendants' Motion for Summary Judgment (ECF No. 34) is granted as to all claims and all Defendants, except as to the equal protection claim in Count I against Defendants Chandler and Dalton.

///

///

---

[3] Defendants suggest that the Court should dismiss the seriousness of such constitutional violation at issue here because it occurred "*just one time,*" whereas Plaintiff was admitted to subsequent Jewish events. (ECF No. 49 at 3, 8.) The Court rejects this argument. As the Supreme Court has said, "a consistent pattern of official discrimination is [not] necessary to predicate a violation of the Equal Protection Clause. A single invidiously discriminatory governmental act . . . would not necessarily be immunized by the absence of such discrimination in the making of other comparable decisions." *Vill. of Arlington Heights v. Metro. House. Dev. Corp.*, 429 U.S. 252, 266 n.14 (1977).

It is further ordered that Defendants' motion for extension of time (ECF No. 48) is granted.

DATED THIS 12th day of December 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE